Mr. Chief Justice MArsham.
delivered the opinión of the court.-
In this case exceptions were taken m the circuit court, by the counsel for the plaintiff in error,
Isi. To the opinion of the court, in .admitting testitnOny offered by the defendant in that court.
3d. To its opinion in rejecting . testimony offered by the plaintiff in that court.
3d. To the charge delivered by the judge to the' jury.
Under the 6th' section of the act for the promotion' of useful arts,- and to repeal the act heretofore made for that-purpose, the defendant pleaded the general • 1 • 1 , , , . issue, and -gave notice that he would prove at the trial, that the improved hopperboy, for the use of which, without license, this suit was instituted, had been used previous to the alleged invention of the said Evans^ in several places, (which were specified in the notice,) or in'some of them, “and also' at sundry other places in Pennsylvania, Maryland, and elsewhere in the United States.” Having given evidence as to- some of the places specified in the notice, the defendant offered evidence as:tó some other places hot specified. This evidence was objected to by the plaintiff, but admitted by the court; to Which admission the plaintiff ’s' counsel excepted.
The-6th section of the act appeals to be drawn on the idea, that the defendant would not be' at liberty to contest the validity of the1 patent on the general issue. It therefore intends ro relieve the defendant from-the difficulties of-pleading, when it allows him. to give -in *504 evidence, itiatter which does affect the patent.' But the notice is directed for the security of the plaintiff,*1 and to protect him-gainst that surprise to which he might be exposed, from an unfair-use ,of this privilege* Reasoning merely on the words directing this notice, it might be difficult to 'define,, with absolute precision, what it ought to- include, and what it,"might omit.. There are, however, circumstances in the act which, may ha've sojne influence-’on this point. It has been already observed, that the notice is substitute# Spr a special.plea it is farther to be observed, that it is' a substitute' to Which the defendant is not obliged to resort. The notice is'to be given only when'it-is-intended 1 to offer the -special matter in-evidence on the general issue;. The. defendant is not obliged: to pursue this course. He may still plead specially,.and then thé plea is the only notice which the- plaintiff cam claim, if,, then, the defendant* may give in evidence* on a special plea the-prior use of the machine hfc places not specified in his plea, it would . seem tp follow that he may give - in evidence its use at- places* not specified in his notice-. It is not believed that a plea would, be defective-, which did not state the mills-in .which the machinery alleged to he previously use# wajs, placed*
But there is still another view of this subject r which- deserves-to Be considered. The- section which directs this notice, also directs that if the special matter stated in the section .be proved, ‘f judgment shall, btj rendered for,the defendant, with costs,.and the patent shall be -declared void.53 The .notice might'.be: intended not only for the information of the plaintiff* *505 but for the purpose of spreading on the record the cause for which the patent . was avoided. This object is accomplished by a notice which specifies the particular-matter to be proved. The ordinary powers of .the court are sufficient to prevent, and will, undoubtedly, be. so exercised, as to prevent the patentee'from being, injured by the surprise.
on tlie part of the plaintiff, that t/hosepriovuse l’ad given evidence,had paid oftheplaimifffor ils^maehim^ jeoted, though eniitledtoverjr weight.
This testimony having been admitted, tjie rr 3 , * . , ottered to prove that the persons, of whose prior use of- the-improved hopperboy the defendant had given, testimony,, had paid the plaintiff for licenses to. use improved hopperboy in their mills since his pate'nt. This . . * testimony was rejected by the court, on the motion the defendant, and to'this opinion of' the court, also, táie plaintiff excepted.
The testimony offered'by the plaintiff was entitled . . . • to very,little weight, but ought not to have been lutely rejected. Connected with other testimony! and under some circumstances, even the opinion of a party may be worth something. It is, therefore, -in s.uch a case- as this, deemed more safe to permit it to go to the jury, subject, as all' testimony is, ' to the animadversion of the court, than entirely to exclude it.
We come next to consider the charge delivered to the jury.
The errors alleged in this charge may be considered yndér two, heads:
1st. In construing,the patent to be solely for the general result produced by the combination, of all -the machinery, and .not for the several improved machines, as well ag for the general result.
2d. That" the jury must find for the defendant, if they *506 should he df- opiiiion, that the hopp-erhoy was' in use-prr- *** the invention of.the improvement thereon, by. Oli— .vér Evans.
Qwre, wh«-’ flier, unde,rthe gfeneral patent la<v-, i!^Drnrerent'machines ded inthc¿amc pateht, <£lVQ*a light'^O the-exclusive ttse of several jnadiínes weBShecx* tlosemachhjes however aútlíorisílti'n10 híspase.
.■ The construction of.Ihe patent must certainly •depend' on the words of the instrument. Blit where, as in this •cáse, the-words are-ambiguous, these maybe circumstances'which ought to have great.influence .in eapoiinding them. The intention oft he. parties, if that intention can he collected from sources which the princijll.es of law permit us .to . explore, áre entitled’to great consideration. , Bat before we proceed to’this investigation, it may not be improper to notice the ex-, tent of the authority under which this grantwas issued.
Nhe authority of the executive to make this grant,' is derived'from the general-patent law, and from the áct _ r ' •• for the relief of Oliver Evans.' On the general patent' law- alone, a doubt might well-arise, whether improvements on different machines could regularly be comprejn saras patent, so as'to give a right to the ’ r 7 1 . ° exclusive use of the several machines separately, as- • • , , , as arignMp the exclusive use ot those machines: in combination. And if such a patent would be irreg^arj ^ would ceriainly furnish an argument of no in-weight against the construction. But the for the relief of Oliver Evans’* entirely removes doubt. That act authorizes the secretary of-state *ssue a Patent> granting to.the said Oliver Evan's the full and exclusive right, in his invention, discovery, and improvements ,in the art of manufacturing' flpur, and *507 Mi the several machines, which he has invented,• discovered,improved, and applied to that purpose.
intention of patent to O. E.
Of the authority, then,, to make this patent co-extensive with the const ruction,for which the plaintiff’s counsel contends, there can lie no doubt,
The next object of inquiry is, the intention of'the parties^ so far as it may be collected .from sources to which it is allowable to resort,
The parties are the government, acting by.its agents, apd Oliver.Evans.
The intention of the.government muy be collected from the “act for the relief of Oliver Evans.” That act not onlyconfers the authority to issue the grant, buti expresses the intention of the legislature -respecting its extent. It may fairly be. inferred from it, that the legislature intended,the patent to include both the general result, and the particular improved machines, if such should be the wish of the applicant. That the executive -officer intended to make the patent co-extensive with the application of Olier Evans, and with the special act, is tó be inferred from the ■ reference to both in the patent itself. If, therefore, it shall be satisfactorily shown from his application, to have been tae intention of Oliver Evans to obtain a patent including both objects,that.must be presumed to have been also the intention of. the grant- or.
The first evidence cf the intention of Oliver Evans is furnished by the act for his relief. The fair presumption is, that it conforms to his wishes ; at least, that it does not transcend them.
The second, is his petition to the secretary of state*. *508 which speaks of his'having discoverer1 certain ’useful improvements, and prays a patent .for them, “agreeably . to. the act of congress, entitled, an act for the 'relief of Oliver Evans.”. This application is.for, a patent-co-ex- . tensive with the act.
This intention.is further manifested by his specification. It is not to be denied, that a part of this specification- would indicate an intention to consider the combined operation of all his machinery as a ^single 'improvement, for which,, he solicited a patent But the, whole taken together, will' not admit of this exposition. The several machines are described with that distinctness which would be used by a person intending to obtain a patent for each. In his number 4., which contains the specification of the drill, he asserts his claim, in terms, to the principles, and to.all the mar chines he had specified, and adds, “they may all be united and Combined in one flour-mill, to produce n>y improvement in ihte art of manufacturing flour complete, or they maybe used separately for any of the purposes specified and allotted -to-them, or to produce my improvement in part, according to the -circumstances' .'of the case.”
'Being entitled by law to a patent for all and feach ■of his discoveries; considering himself, as he avers in his specification and affirmation, as the inventor»-of each of these, improvements; understanding, as he dedales he did, that they might be used together so as to produce his improvement complete, or Separately, ■ soas toproduce.it in part;- nothing can be more iifaprobable, chan that Oliver Evans intended to obtain a patent solely for their combined operation. His affi *509 mation, which is annexed to his specification, confirms this reasoning. To the-declaration that he is the inventor of these improvements, he adds, “for which he solicits a patent.” >
Construction QleE pat*“t
With this conviction of the intention with which it was framed, the instrument is to be examined.
The patent begins with a recital, that Oliver Evans ■had alleged himself to be the inventor, of a ne'w and useful improvement in the art of manufacturing flóur, &.c. by the means of several machines, for a description Ofwhich reference is made to his specification.
It will not be denied, that if the allegation of Oliver Evans was necessarily to be understood-as conforming to this recital, if our knowledge of it was to be derived entirely from'this source, the fair construction would be, that his application was singly for the exclusive-right to that improvement which was produced by the combined operation of his machinery. But in construing these terms, the court is not confined to their most obvious import The allegation made by Oliver Evans, and here-intended to be recited, is in his petition to thesecretary of state. That petition is embodied in, and becomes a part of the patent. It explains itself, and controls the. words of reference to it. His allegation is not “that he has invented a new and Useful improvement,” but that he has discovered' certain useful improvements. The words used by the department of state in reciting this-allegation, must-then be expounded by the allegation itself, which is madfe á part of the patent
The recital proceeds, “which improvement has not been known,” &c. These words refer clearly to *510 the. improvement first mentioned and alleged in the petition of Oliver Evans, and are of course to be con-, trolled-in, like manner with the antecedent - words, by • that .petition. This part of the recital is concluded by adding, that Oliver Evans-has affirmed, that -he -does verily bélieye. himself to be .the.true investor or discoverer Of the said improvement.
But the affirmation of Oliver Evans, like his petition, is¡. embodied .in the grant, and-must, of course, expound the recital of it.- That affirmation is, that he does verily believe himself to he -the true and original inyentor of the imprcvemcntsc.cntained in his specifitioiu,
In every instance, then, in which the word improvement is used in the singular number - throughout the part of recital of this patent, it is used in reference to a paper contained in. the body of the patent, which corrects the term, and shows it to be inaccurate.
. The patent, still by way of recital, proceeds to add, “and agreeably to. the act of congress, entitled £an act for the relief of Oliver Evans,’which authorizes! the secretary of state to'secure to him, by patent, the 'exclusive right to the use of such improvement in the ait of manufacturing flour' an 1 iheal, and in 'the* several machines which he has discovered1, improved, and applied to that purpose ; he has paid into the treasury, &c. and piesented a petition to the secretary of state, signifying a desire o"f obtaining an exclusive property in the said improvement, and praying that a patent may be granted for that purpose.”
*511 To what- do the words “said .improvement” relate? The answer which has been given at the bar is entirely cOrtect. To the improvement mentioned in the stat-i ufe and in tim,petition, to both of which .direct refer enee is made'i £but in.the statute, and in the petition, the Word used, is “irriprwements'f'-'m the plural.. The patent, therefore, obviously. affixed to the word improvement, in the singular, the same sense in which the ' plural is1 employed,, both in the statute and .in the petition. We are compelled' from the whole context so to construe the word in every place in vfliich it is tiSed in the recital, because' it is constantly employed With express reference to the act of congress, Or tó Some document embodied in-the patent, in each of which 'the‘pleural is1 used*
' When, then, the words “said improvement”- are us1ed as a term of grant, they refer to'the Words Of the recital,- which' have been already noticed, and, miist be construed in the same sense. This construction is rendered the more necessary by the subsequent words, •Which refer for a description of -thd improvement to the schedule. It also derives some weight from the words ‘^according to law,” which are annexed to the words of grant. 1 These words can refer only to the general patent law,'and to the'“act for the:relief of Oliver Evans.” These acts, tahen together, seem to require that thé patent should:- con* form to the specification, affirmation, and petition of the applicant.
It would seem as if the claim of \01iver Evans was rested-at the circuit- court, on the . principle, that a grant for an improvement, by the combined--operation *512 of all the machinery, necessarily-included a right to .the distinct operation of each part, inasmuch as the whole comprehends all its parts. After very'properly rejecting this idea, the judge appears to have considered the department of state, and the patentee* as haying proceeded upon it in making out this patent. He supposed the intention to be, to convey the excl ive right in the parts as well as in the whole,.by a grant-of the whble; but as the means used are in law incompetent to produce the effect, he construed the grant according to his opinion of its legal operation.
There i» great reason in this view of. the ease,, and-this court has not discarded it without hesitation;. Rut as to the-grant, with the various documents which-forara part of it, would be contradictory to itself; as these-apparent contradictions are all reconciled by considering the yvord “improvement”, to be in the plural instead of the singular number; as it is apparent that "this construction gives-to the grant its full effect"^ and that the opposite construction would essentially defeat itr.this court has, after much consideration and dóu'btv determined to adopt it, as the sound exposition of the instrument.
The second error alleged in the charge, is in directing -the jury to find for the defendant, if they should he of opinion that the hopperboy was in use prior to the improvement alleged to- be. made thereon -by Oliver Evans.
This part of the. charge seems to be founded o» the opinion, that if the patent is to be considered as a grant of the exclusive use \of distinct improvements- *513 it ís; a grant sor the hopperboy itself, and not for an' improvement on the hopperboy.
decide th« fact., that an in dividual is an Mentor,so as to cSflnquirydnt0 the original it> of the authorship or inthS os'll mayt ^"lecidcd’the
•Thecounsel for the plaintiff contends, that this partosfthe charge is erroneous, because, by the “act for the relief of Oliver Evans,” Congress has itself decided that he is the inventor of the machipes for which he' solicited' a patent', and has' left that point open to judicial inquiry.
This court is not of that opinion. Without inquiring whether Congress, in the exercise of its ° . . . r “'to'secure for limited times, to authors and' inventors, the exclusive right to their .respective writings and discoveries,” ibay decide the fact that an individual is an author or'inventor, the court can never presume Con- . , r gress to have decided that question in a general act, the words of which do not render such construction unThe words of this act d;o not require this They do not grant to Oliver Evans exclusive right to use certain specified machines;' but the exclusive' right to useyhis invention, discovery, and improvements ; leaving the question of invention and improvement open to investigation, under the general patent law. avoidable construction'.
The plaintiff has also contended, that it is not necessary for the patentee. to show himself to Be the first inventor or discoverer. That the law is satisfied by his having invented a machine, although it may have been previously discovered' by some other per’ son.
Without a critical inquiry into the accuracy with which, the terra invention or discovery niay be applied to any. other than the first inventor, the court *514 considers.this question as completely decided by the 6th section of the general .patent act. That- declares} that if the thing was not originally discovered by lie patentee, but had been in usé, or had heeii described in some public work, anterior to the sup-discovery of the patentee, judgment shall be “rendered for the defendant, and. the patent declared , * void.
cured scribed in public work anterior to the covery!the pa whether this previousa .Son ordnóti'P
0.-E; i* emit patent^to the 2fCthe!wvc'ral praehinea. ’■ which^he has invented, and óf hia improve menta op ma Sily’diKover
Admitting the words “ originally discovered,” to explained or limited by the subsequent words, still thing had been in use, or had been described in public work, anterior to the supposed discovery, the patent is void. It may be . that the patentee’ had no knowledge .of this previous use or previous description ; still his patent is void: the law supposes he may have known it; and the charge of the judge, which must be taken as applicable to the testimony, goes no farther than the law.
The .real inquiry is, does the patent of- Oliver Evans comprehend more than he has discovered ? If it is for the- whole, hopperboy, the . jury has found that this machine was ip previous use. If it embraces , . , v ,. . , 0p]y his improvement, then the verdict must beset ' aside.
: The difficulties which embarrass this inquiry are not. less than those which were involved in the first point. Ambiguities are still to be cxplhined, and contradictions to be reconciled. .
.. H'he patent itself, construed without reference, to the schedule and other doCumeftts to which it refers, and which are . incorporated in it,. would be a grant ..^¡f a. single improvement 5 but construed with those *515 documents, it has been determined to.ba a grant oí the several improvements which he has made in the maehiiies enumerated'ip. his .specification.’ But the grant i,s confined to improvements. There is no ex -pression in it -hich exten.ds to the whole of any one of the machines which are. enumerated in his specification or petition. The difficulty grows out of-the complexity and ambiguity of the specification and petition. His schedule states his first principle.to be the operation' of his machinery on the meal from its being ground'until it is bolted. He adds “this principle .1 apply by various machines, which I have, invented, constructed, and adapted to the purposes hereafter specified,”
His second, principle is the application of the power that moves the mill to his machinery.
The application of these principles, he says, to manufacturing flour, is what’he claims as his invention or improvement in the art.
He asserts himself to be the inventor*of the machines and claims the application of these principles, to the improvement of the process of manufacturing flour, and other purposes, as his invention and improvement in the art.
The schedule.next proceeds to describe the different machines as improved, so as to include in the description the whole, machine, without distinguishing his improvement from the machine^ as - it existed previous thereto; and in his fourth number he says, “I claim,the exclusive right to the principles, and to all the-machines above specified, and for all the usesand purposes specified, as not having been heretofore known ox used before ! discovered them»*’
*516 If the opinion oft he court were to bé formed on the schedule alone, it would be difficult to deny that the ap" ■plication of Oliver Eyáns extended to all the machines it describes. But the-schedule is to be considered in' connection with the other documents incorporated in the patent.
The affirmation which is annexed to it -avers, that he is the inventor, not of the machines, but of the improvements herein above specified.
In his petition he states himself to have [discovered certain useful improvements, applicable to the art of manufacturing flour, and p.iays a patent for same ; that is, for his improvements, agreeably to the act of congress, entitled, “an act for the relief of Oliver Evans.” After stating the principles as in Ms schedule, he adds, “fhe machinery consists of an improved elevator, an improved conveyor, an improved hopperhoy, an improved drill, and an improved kiln-dryer.”
Although, in his specification, he claims a right to •the-whole machine, in hispetition he.only asks a, patent for-the improvements in the machine. The distinction between a machine,, and an improvement orr a machine, or an improved machine, is too clear for them to be confounded with each other.
The act of congress, agreeably to which Evans pe- . titions for a patent, authorizes the secretary- of state to issue one, for his improvements in the art of manufacturing flour, “and in the several machines which he has invented,discovered, improved,¿.nd applied to tha t purppse.”
*517 l.ti conformity with, this act, this schedule, and this petition, the secretary of state issues his patent, which, in its terms, embraces only improvements.. Taking the. whole together, the court is of opinion, that the patent is to be constructed as a grant of the general result of the whole machinery, and of the improvement in each machine. Great douht existed whether the ■foords Qf the grant, which are expressed to be for an improvement or improvements only, should be understood as purporting to be a patent only for improvements; or should be so far controuled by the specification and petition,.as to be considered as a grant for the machine as improved, of in the words of.the schedule andpetition, for “an improved elevator, an improved conveyor, an improved hopperboy, an improved drill, and an improved kiln dryer.” The majority of the court came at length to the opinion, that there is no substantial difference, ,as they • are used in this grant, whether the words grant a patent for an improvement on a machine, or a patept for an improved machine-.; since the machine itself, without the improvement, would not be an improved -.machine. Although I.did not concur in this opinion, I can perceive no inconvenience from the construction.
It is, then, the opinion.of this court, that Oliver Evans may cla.im, under -his patent, the exclusive use of his inventions and improvements in the art of manufacturing flour and meal, a-nd in the several machines which he has invented, and in his improvements on machines previously discovered.
Where claim of O. E. is for an provement on must show the file ^imnner^'
relie i? engrafted on tent law, rigiiuo »ue in ©oort, zenofthe same state
In all cases where his claim is for-an improvement on a machine, it will be encumbent on him to'show the extent of his improvement, so that a person 'understanding thfe subject may comprehend distinctlydn whatc0nsists- ' .
Some doubts have'been enterfained respecting the: ... ; 1 ° jurisdiction of the'rcourts of the United States, as both the plaintiff and defendant are citizens.of the same The 5th section of the act to, promote the pro§>ress of useful arts, which givesrto every patentee a right to sue in a circuit court of the United StateSjdn hi® rights be violated, is repealed hy the 3d section pf the act ot 1800, ch. 179. fxxv.) 'which gives the-'ac-.in the circuit courj: of the United States, where, a patent is granted “pursuant” to that act, or to the tor the. promotion of useful arts. This patent, it been said, is granted, not in pürsuance of.either., of those acts, nit in pursuance of the act “for the relief of Evans,” But this court is of opinion, that the' act for the relief, of Oliver Evans is. engrafted on the general act for the promotion of useful arts, and . that the patent Í3 iss.ued in pursuance of both. The jurisdiction of the court is, therefore, sustained.
As,th,e charge delivered in the circuit court to the ju" \ ry differs in some respecta from this opinion, the. judgment rendered in .the court is reversed and annulled^ and the cause remanded to the circuit court, with dir ec-.tions to award a .venire facias de rwvo, and to proceed therein according to law'.
Judgment reversed;
*519 Judgment. This cause came on to he heard on the transcript of the record.^f the circuit court for the .district of Pennsylvania, anti was urged by counsel. On consideration whereof, this court is' of opinion, that there is error in the proceedings of the said circuit court in this, that the said court rejected testimony .which ought to have been admitted ; and also in this, that in the charge delivered to the jury,- the' opinion.is expressed that the patent, on which this, suit-was instituted, conveyed to Oliver Evans only an exclusive right to his improvement iff manufacturing flour 'and meal, .produced by the general combination of alb his machinery:, and not to his improvement in the several machines applied to that purpose ; and also, that thésaid Oliver Evans was not entitled to recover, if the hopperbov,’in his declararían" mentioned, had been in use previous to his- alleged discovery, Therefore, it is considered by this court', that the judgment of the circuit court be reversed and annulled, and that the cause be remanded to the said circuit court, with' directions to award a venire.facias de.novo.a

 See Appendix, Note II.