BAILEY
v.
LE ROY.


BAILEY v. LE ROY, et al.


When a bill sets forth a contract in writing, alleging it to be signed by the defendant or
his authorized agent, a plea, averring there was no writing subscribed by him or his au-
thorized agent, is inadmissible—such a defence is the province of an answer.
Land was struck off to R. (who, in truth, was one of the sellers), he let B. take his place,
the latter agreeing to give his note for an advance or premium, paying deposit to the
auctioneer and receiving the auctioneer's receipt as the buyer. On a bill for specific per-
formance, a plea of the statute of frauds was interposed, but overruled, with liberty,
however, to R. to set it up in an answer—it being a case of some nicety.


*January* 19,      Bill for specific contract of a sale of lands; and plea of
1836.      the statute of frauds interposed. No answer accompanied
the plea.
*Pleading.*
*Plea.*          The bill showed a sale of certain lots in the city of New-
*Statute of*  York: and among them, some struck off to the defendant
*frauds.*     Daniel Le Roy, who, with his associates, had directed the
same to be sold. The latter, with other persons associated
with him, contracted to sell and did sell the complainant
the benefit of the contract, by substituting him as the bid-
der and purchaser, upon his agreeing to give them his note
for twenty-six hundred and sixty dollars as a premium or
advance; and he paid the auctioneers ten per cent., pursu-
ant to the terms of sale, and took the usual certificate from
the latter, as follows: " No. 180. Receipt for deposit for
$2272. New-York, Dec. 15, 1834. Received from Mr.
John S. Bailey twenty-two hundred and seventy-two dol-
lars, being ten per cent. deposit, according to the conditions
of sale, upon his purchase of sundry lots of ground on 18th
and 19th streets, Nos. 11, 12, 25, 26, 95, 96. 56, 59, 16, 17,
18, 85, 86, 62, 63, 66 & 67, per map sold him at auction for
$22,720, for which a good and sufficient title is to be given
by Daniel Le Roy Jr. or others. This deposit will, under
no circumstances, be paid over to either buyer or seller

without their mutual consent and the production of this receipt. *Jas. Bleecker and Sons*, Auctioneers.".

It appeared, also, by the bill that at the time Daniel Le Roy and his associates sold the property at auction they had not received a conveyance. Points upon the title were also raised by the complainant and other buyers and this caused a delay in Le Roy's perfecting his own title and in giving deeds to the purchasers. Afterwards, Le Roy obtained his conveyance; and insisted upon giving the complainant a deed without covenants of title. The complainant stated his willingness to give his promissory note by way of premium or advance.

Mr. *J. Duer*, for the defendants and in support of the plea.

Mr. *D. Lord*, for the complainant.

THE VICE-CHANCELLOR :—It is very properly conceded by the defendant's counsel that if the auctioneer's receipt for the ten per cent. deposit contains the whole of the contract which it is sought to have specifically performed, that then it is not a case within the statute of frauds and a plea of the statute cannot be supported.

When a bill sets forth a contract in writing, alleged to be signed by the defendant or his authorized agent, a plea of the statute, averring that there is no writing subscribed by the party or his authorized agent is inadmissible, because it is merely denying what is alleged in the bill and brings forward no new fact in opposition—which is the proper office of a plea. If a denial merely be intended, it must be by way of answer.

I am inclined to say that, for all the purposes of the statute, the auctioneers' receipt, under present circumstances, may be deemed the whole contract. According to the bill, the sum of two thousand six hundred and sixty dollars was agreed to be paid for the privilege of becoming the purchaser, as a premium on being let in to take the place of the person to whom the property had been struck off at auction and to have the benefit of the contract of sale thus

*1836.*

BAILEY
*v.*
LE ROY.

*May* 31.

made.  This contract was transferred to the complainant ; and he insists upon its being enforced.  The two thousand six hundred and sixty dollars was the price oɪ consideration for the transfer and substitution and, consequently, a new and distinct agreement and did not enter into the contract of sale itself—as is evidenced by the auctioneer's receipt. It is true, the complainant must pay the two thousand six hundred and sixty dollars before he can have the full benefit of the purchase.  Still, this may be considered no part of the price of the land as fixed and agreed upon, but an addition and in some measure distinct from it.

If this be a correct view of the case, and it appears to me to be one which can be sustained, the plea should be overruled.  Yet, in making the order for this purpose—it being a point of some nicety—I deem it proper to allow the defendants to set up and insist upon the statute in an answer.

Let there be an order accordingly : overruling the plea, with costs.