Daniél, Jddge,
 

 aflér stating the pleadings as above, proceeded : — The Constitution of the United States gives to Congress the povVer to'pass laws, securing to
 
 inventors,
 
 
 *317
 
 the exclusive right to their respective
 
 discoveries
 
 for a limited time, (Cons. U. S. Act 1, sect. 8, clause, 8.) Under this authority, Congress has passed laws upon this subject. Under the sixth section of the patent law, Act of 1793, ch. 55, it is enacted, that if the thing secured by patent had been in use, or had been described in a public work, anterior to the supposed discovery, the patent is void, whether the patentee had or had not a knowledge of this previous use or description.
 
 Evans
 
 v.
 
 Eaton,
 
 3 Wheat. 454. 1 Mason, 302. The same is the rule in England, under the statute of 21 of James 1, c. 3. 5 Bac. Abr. Wilson’s edition, Prerogative, page, 591, 2, 3. The evidence in this case, satisfies the Court, that there was no fraud committed by the defendants and that the contract was made by them in good faith. But the proofs established that the improvments described in the specification annexed to Key’s patent, were known and used in this state, before the date of the patent, though there is no evidence that the defendants had notice of that fact. According to the above authorities, the patent is void, and the defendants had no title in law or equity, to convey. If a sale be made of a chattel, there is an implied warranty that the vendor in possession has title, and if the vendee be evicted by a better title, he can at law, maintain an action of assumpsit on the implied warranty. 1 Chit. Plead, 92,3. In the sale of lands, the rule is different. The possession of lands is no criterion of title, and no person in his senses, would take an offer for a purchase from one merely because he stood upon the ground. The purchaser must look to his title, and if he does not, it is
 
 crassa negligentia.
 
 If there be no fraud, and no covenants taken to secure the title, the purchaser has no remedy for his money on a failure of title. This is a settled rule of law.
 
 Frost
 
 v.
 
 Raymond,
 
 2 Cain’s Rep. 188. And the same rule prevails in equity.
 
 Abbott
 
 v.
 
 Allen,
 
 2 Johns. Ch. Rep. 523. The vendor selling in good faith, is not responsible for the goodness of his title, beyond the extent of his covenants.
 
 Bree
 
 v.
 
 Holbeck,
 
 Doug. Rep. 654.
 
 Johnston
 
 v.
 
 Johnston,
 
 3 Bos. & Pul. Rep. 162.
 
 Governeur
 
 v.
 
 Elmendorf,
 
 5 Johns. Ch. Rep. 84. The plaintiffs do not exhibit
 
 *318
 
 their conveyance, nor have they alleged that it contains any express stipulations for the validity of the patent, nor any thing from which a stipulation to that effect can be inferred. But they claim simply the restoration of their money because their patent turns out to be invalid. The subject-matter is not relative to any corporeal thing either real or personal, but to something intangible, and incorporeal, resting wholly in grant. In contracts for the assignment of such interests, if there be no fraud, the purchaser must depend, in case they prove of no value, wholly upon his covenants. Both parties are equally innocent, there is no necessary warranty of title, and the loss must fall wherever the bargain leaves it.
 
 Taylor
 
 v.
 
 Hare,
 
 4 Bos. & Pul. Rep. 260.
 

 In assignments of interests vesting in grant, if there be no fraud, the purchaser must depend, in case they prove of no value, wholly upon his covenants.
 

 The bill must be dismissed, but as the proofs are very satisfactory, that the defendants were not merely the agents of Tusk, but had purchased from him the interest in the patent for this state, and sold it in their own right to the plaintiffs, we think from the unfairness of the answer, that they are not entitled to costs.
 

 Per Ctiriam. Bill dismissed.