## Case No. 17,648.

### WILDER v. GAYLER et al.

[1 Blatchf. 511; [1] 1 Fish. Pat. Rep. 317.]

Circuit Court, S. D. New York.   Oct. Term, 1849.

PATENTS — INFRINGEMENT SUITS — MONTHLY ACCOUNTS OF SALES.

1. An order in a patent suit in equity, requiring the defendant to file a monthly account, on oath, of all "iron safes hereafter manufactured or sold by him," will be sufficiently complied with, by giving the inside dimensions of the safes, without stating the prices at which they were sold, or the names of the purchasers.

2. A knowledge of the names, in such a case, is not essential to an ascertainment of the amount of business done in the article, or of the profits.

3. It is sufficient to describe the articles in the account, so that persons in the trade can determine their value in the market, with a view to the amount of profits.

In this case, a bill was filed [by Benjamin G. Wilder against Charles J. Gayler and Leonard Brown] for an account and an injunction, for an infringement of a patent granted to Daniel Fitzgerald, June 1st, 1843, for an "improvement in fire-proof chests and safes." On an application by the plaintiff for a provisional injunction, the court made an order, that the defendant Gayler "render and file in the office of the clerk of this court, monthly from the date of this order, a just, full and true account in writing of all iron safes made with plaster of Paris· in whole or in part, hereafter manufactured or sold by him or his agents, the said account in writing to be verified by the oath of said Gayler, and that, in default thereof, an injunction issue pursuant to the prayer of the bill." The plaintiff now applied again for an injunction, on various grounds, and, among others, that the defendant Gayler had failed to comply with the order.

J. B. Staples, for plaintiff.
George Sullivan. for defendants.

[For other cases involving this patent. see note to Rich v. Lippincott, Case No. 11,758. See, also, 10 How. (51 U. S.) 477.]

## Case No. 17,649.

### WILDER v. GAYLER et al.

[1 Blatchf. 597; [1] 1 Fish. Pat. Rep. 387.]

Circuit Court, S. D New York.   Oct. Term, 1850.

PLEADING IN PATENT SUITS — NOTICE OF SPECIAL DEFENCES—SPECIAL PLEAS.

1. Where the defendant in a patent suit pleaded the general issue. and special pleas, and also gave a notice of special matter under section 15 of the patent act of July 4th, 1836 (5 Stat. 123), and the matters set forth in the special pleas were those of which notice might have been given under said section 15, the court, on the plaintiff's motion, struck out the special pleas, with costs.
[Cited in Latta v. Shawk, Case No. 8,116. Questioned in Day v. New England Car-Spring Co., Id. 3,687  Cited in Wilkinson v. Pomeroy. Id. 17,674;  Hubbell v. De Land, 14 Fed. 473.]

2. Notice must be given of the several matters specified in section 15, if they are relied on in defence.  They cannot be pleaded specially.
[Cited in Hubbell v. De Land, 14 Fed. 473; Cottier v. Stimson, 18 Fed. 691.]

3. There may, however, be grounds of defence not specified in section 15, which might be set up in bar of the action, by special plea.

In this case, which was an action for the infringement of a patent, the defendants [Charles J. Gayler and Augustus R. Moen] pleaded the general issue, and a large number of special pleas, and also gave a notice of special matter under § 15 of the patent act of July 4, 1836 (5 Stat. 123).   The matters set forth in the special pleas were those of which notice might have been given under the said 15th section.   The plaintiff now moved to strike out the special pleas.

Seth P. Staples, for plaintiff.
George Sullivan, for defendants.

NELSON, Circuit Justice.   The matters set forth in the special pleas are not the subject of a defence in that form of pleading; but stand upon the general issue with the notice prescribed in section fifteen of the patent act of 1836.   Most of the matters required by that section to be set forth in a notice could be given in evidence under the general issue without notice, were it not for the section; or, to speak more accurately, are involved in the general issue.   They are affirmative facts, which the plaintiff is bound to maintain as essential to the validity of his patent.   But, to guard against surprise on the part of the plaintiff, the section re-

quires that notice shall be given of the several grounds therein specified, if they are intended to be relied on in defence. This however does not enable the defendant to plead them specially as matters of defence. They must be presented in the manner prescribed by the act. There may, however, be grounds of defence not specified in the fifteenth section, which might be set up in bar of the action, by special plea.

The defendants may retain the plea of the general issue, and the notice which accompanies it, and may add new matter to the notice by way of defence, but the special pleas must be stricken out with costs.

[For other cases involving this patent, see note to Rich v. Lippincott, Case No. 11,758.]