## Holliday *versus* Rheem.

1. A patent is not void because every part of the machine described was not the original invention of the patentee.

2. A patentee claimed as his invention the application of the water upon the outside of the wheel, and operating upon the principle of reaction by discharging inwardly on a wheel constructed and combined so as to operate as above described, with the spouts or chutes, giving the water a direction with the motion of the wheel applied to a reacting wheel as aforesaid. *Held,* that a patent may be obtained not only for a new arrangement of elementary principles, but for a new *combination* of two or more existing machines. In this case the patent does not stand upon *a combination,* but the patentee claimed as his invention, the application of the water on the outside of the wheel, and also the spouts or chutes; and if the assertion were untrue with respect to either, or to any essential part of either, the patent was void. An instruction that *if any part* of what the patentee claimed as his invention *was new* the plaintiff might recover, was error.

3. It was not error in the Court to neglect to give to the jury a construction to the patentee's specification of his claim, if not asked for specific instruction on the subject.

ERROR to the Common Pleas of *Cumberland county.*

This was a suit by Samuel Holliday *v.* Jacob Rheem, brought to recover the amount of a promissory note, dated 16th March, 1847, payable one year after date, given by Samuel Holliday to Michael McMath or bearer, for $200, and endorsed by Michael McMath to Jacob Rheem. There was a credit on the note of $25, dated May 23, 1849. The defendant pleaded payment with leave, to which was afterwards added the plea of non assumpsit. The cause was first tried at the January term, 1851; and the defendant rested his defence on the grounds of the note in suit having been endorsed after its maturity; that the consideration of the same was the sale of the patent-right of Howd's improved water-wheel for the county of Mifflin, Pennsylvania; and that this patent-right was not new and original with the patentee. The jury rendered a verdict for the defendant, and judgment was entered thereon. Upon this judgment the plaintiff (Jacob Rheem) sued out a writ of error to the Supreme Court, to wit, No. 70, May Term, 1851, and the Supreme Court reversed the judgment of the Court below, and awarded a *venire facias de novo.* (See the case reported, 4 *Harris* 347.)

The case came up for trial again in the Court below, at November term, 1851. It was then conceded by the plaintiff that the note was endorsed *after maturity,* and that the consideration was the sale of the patent-right as before mentioned. The trial, therefore, turned entirely upon the validity of this patent-right.

A number of witnesses were examined, and various drawings and models of water-wheels in use before the date of Howd's patent

VOL. VI.—59

[Holliday *v.* Rheem.]

were exhibited by the defendant, to show that Howd's invention was not new and original with him.

The plaintiff on the other hand exhibited a model of the Howd wheel, and examined witnesses to show the originality of the patent in controversy. The jury rendered a verdict for the plaintiff for the sum of one hundred and eighty-one dollars debt, with six cents damages and six cents costs. Upon this verdict judgment was entered, and the defendant sued out this writ of error.

The *fifth* point submitted on the part of the plaintiff was as follows:—"If there is *anything new* and *useful* in Howd's wheel, either in the formation of the chutes, the manner in which the wheel is made, *or* the combination of the chutes and wheel as set out in his claim, in connection with his description of the wheel preceding his claim, his patent is valid, *and plaintiff is entitled to recover*." The Court answered this point affirmatively.

WATTS, J., after answering the various points presented on each side, charged as follows:

"It is competent for the inventor of a new and useful machine; of a new and useful element or part, to be used with other well known elements or parts of a machine; or of a new and useful combination of old elements or parts of a machine, to obtain a patent.

"To ascertain, in this case, whether Howd has a patent for a new element, or part of a water-wheel, or a new combination of old elements or parts producing a new result, you must refer to the specification of what he does claim, as found in his patent; and then inquire for yourselves, from the evidence given you, does he claim what is *new;* in other words, has he invented a principle upon which the power of water is usefully applied, which was before unknown? [Here the Court read the claim.]

"'*I claim, as my invention*, the application of the water upon the outside of the wheel, and operating upon the principle of re-action, by discharging inwardly on a wheel, constructed and combined so as to operate as above described, with the spouts or chutes, giving the water a direction with the motion of the wheel, applied to a reacting wheel as aforesaid.'

"Compare this with the evidence given by the witnesses, the models, and the books, and conclude for yourselves whether Howd's patent contains anything new, originating with himself.

"All else that has been argued has nothing to do with the subject, and should have no weight upon the minds of the jury. I mean whether Mr. Holliday put up a wheel in Mifflin county, or whether he sold rights in Mifflin county, of which no evidence was given; or, in this case, his opinion whether the wheel is useful or not; for, this being conceded, the only question before the jury is,

[Holliday v. Rheem.]

is Howd's claim, as set forth in his patent, his own invention? or is it the invention of other heads than his?

\*      \*      \*      \*      \*      \*      \*      \*

"We are called upon to determine, upon the evidence before us, whether Howd has discovered a new principle of power, or a combination of old elements constituting a new principle of power, not before known and used. All else has little to do with the subject; and if the jury will discard other considerations, and direct their minds to this point, they will be enabled to do justice according to law. Howd, in his specification, first describes an entire water-wheel, many parts of which are as old as mills, and for which he has no right, or presents no claim; and in the concluding paragraph he defines what part of that wheel he claims as his invention. Is there in this anything that was new and original with him?"

It was assigned for error: 1. The Court erred in answering the plaintiff's fifth point in the affirmative.

2. The Court erred in submitting the construction of the specification and claim of Howd's patent to the jury; that being a written instrument and to be construed by the Court.

3. The Court erred in narrowing the question for determination to the inquiry, "whether there was *anything* new and original in the Howd patent."

4. The Court erred in answering the plaintiff's fifth point in the affirmative.

*Penrose* and *Biddle*, for plaintiff in error.—Novelty and utility in one part of a patent when the claim is not *limited* to that part, will not vitiate the patent for the whole machine: Act of Congress of July 4, 1836, section 6.

The 15th section of that Act provides, that in any action brought for the infringement of a patent-right, the defendant may show that the patentee was not the inventor of the thing patented, *or of a substantial and material part thereof claimed as new*, in which case judgment shall be rendered for the defendant. The plaintiff's fifth point was not correct: sect. 66 of *Curtis on Patents*; *Hindmarch* 115–16; 1 *Gallison* 478; 2 *Mason* 112.

Where a patent is for several improvements in a machine, and each improvement is summed up in the patent as the invention of the patentee, he is bound by his summary, and if any of the improvements be found not to be new, the patent is void: 2 *Mason*, 112, Moody v. Fisk; 1 *Mason* 188.

3d error. In addition to authorities before cited, reference was made to 2 *Whar. Digest* 358, sec. 20, opinion of KANE, J.: A patent for combination cannot be supported by evidence of novelty in one of its parts.

[Holliday *v.* Rheem.]

. *Todd,* for the defendant.—A combination may be patented if it produce a new result, or an old result by a new mode of action: 2 *Whar. Dig. Patent pl.* 21. If the patentee claims more than he has invented, his patent is not void, but so far as his invention goes, he is protected. So also where this is but an *improvement:* 3 *McLean* 248.

He submitted that the language of the Court should not be construed to mean, that if any part of the specification be new, it would be sufficient to sustain the plaintiff's claim; but should be applied to. the specification of claim taken as a whole, viewed as a unit.

The opinion of the Court was delivered, June 17, by

BLACK, C. J.—This suit was brought on a note which the defendant below had given the plaintiff for the price of a patent-right for Howd's water-wheel. The defence was that the patent was void, having been obtained by Howd the patentee for an alleged improvement which was in fact not his invention, but had been known and in use before his pretended discovery of it. The Court instructed the jury that this defence if established would entitle the defendant to a verdict; and the whole controversy, therefore, was properly made to turn on the validity of the patent.

The Act of Congress requires the inventor, before he shall receive a patent, to describe his invention, and to specify and point out the part and improvement, or combination, which he claims as his own invention. In the present case, Howd, the patentee, described in the schedule the wheel, as improved by himself, the mode of its construction, the materials of which it was composed, and the principles of its operation; and concluded by pointing out particularly what he claimed as his invention. This description is said to be obscure; but it is intelligible enough to show very clearly that Howd did not claim the whole wheel as his invention, but only a part of it, which he alleged was a new and useful improvement upon an old wheel known before.

When this case was here on a former writ of error (4 *Harris* 347), it was held, that the patent was not to be adjudged void merely because every part of the whole wheel, as described in the schedule, was not the original invention of the patentee. This opinion has our fullest assent. It is certainly not necessary to the validity of the patent, that those parts should be new which the patentee admits to be old; and he does admit everything to be old which he does not claim as new. It is for the parts claimed as his own invention, and as such particularly pointed out, that the patent is issued. It covers no more; and he is not bound to prove the originality of what is *not* in it, to make it a protection for what *is* in it.

[Holliday v. Rheem.]

Another plain deduction from this specification is, that the patentee claims as his invention, more than one improvement of the water-wheel; or, more properly speaking, an improvement capable of being divided into several parts, which might have been invented at different times, and by different persons. "The application of the water upon the outside of the wheel, and operating upon the principle of reaction," might be the invention of one man; while "the spouts or chutes giving the water a direction with the motion of the wheel," might have been discovered by another. Since, then, one of these constituent portions of the improvement patented might be new, and another old, the claim of originality may, in its nature, be partly true and partly false. Supposing it to be so, is the patent void? Or is it to be held valid and good, because one part of the invention is really original, though it covers other things to which the patentee has no just claim?

This is not a new question. The Federal Courts have often had it before them. It has been discussed and decided in the Circuit Court of Massachusetts (1 *Gallison* 480; 1 *Mason* 188, 447; 2 *Mason* 112); in the Circuit Court of Pennsylvania (3 *Wash. C. C. R.* 425), and in the Supreme Court of the United States (3 *Wheaton* 454); and it has been uniformly held, that if anything be included in a patent which is not new, the patent is void. If what is new be mixed with what is old, the patent is no protection for either. It is a fatal objection to a patent that it covers any substantial or material part of a machine, which the patentee did not invent or discover.

There is, it is true, a certain sense in which it is not necessary that any part of a patented machine should be new. Old materials, or old principles, may be used in combination, so as to produce a new result (4 *Wash. C. C. R.* 543), and the novelty of the effect makes it a new machine. In this sense it may be said, that there is nothing new under the sun; for the simple elements of all mechanical power are as old as the earth. It is a new combination of these original principles that makes any invention new. A patent may be obtained, not only for a new arrangement of elementary principles, but for a new combination of two or more existing machines. In such a case the patent must stand upon the combination only, and the patentee can have no exclusive right to the separate machines (2 *Mason* 117). But this patent does not stand upon a combination. Howd claimed the application of the water on the outside of the wheel as his invention, and also the spouts, or chutes, not because they form together a new combination, but because each one of these things is, in itself, new. He asserts that both are his original inventions; and if the assertion be untrue with respect to either, or to any essential part of either, his patent is wholly void.

2 R

[Holliday *v.* Rheem.]

It is possible that when the judge below submitted it to the jury to say, whether there was *anything new* in Howd's claim, he meant to speak of it as a unit, and to say that it was valid if it was new *in any degree.* But looking at the charge, without the least disposition to be hypercritical, we cannot give it that construction. On the contrary, we think the natural and obvious meaning of the words is, that if any part of what the patentee claimed as his invention was new, the plaintiff might recover. He adopts the plaintiff's fifth point by answering it in the affirmative, and in effect says, that if there is *any* thing new or useful in Howd's wheel, *either* in the formation of the chutes, the manner in which the wheel is made, *or* the combination of the chutes and wheel, the patent is valid. This was dividing the asserted improvement into distinct parts, and submitting them, together with some other things not covered by the patent, to the jury to say upon each of them separately, whether there was anything new in either, and directing a verdict for the plaintiff, in case the affirmative was found. If this were the rule, the smallest modicum of originality would sanctify any amount of piracy on other men's rights. The person who invented the steam-whistle might, upon this principle, have had a valid patent for the locomotive. But such is not the law. If the patentee's claim, as set forth by himself, was false, his patent was void; and, if false in any material or substantial part, it is the same as if false throughout.

The other assignments of error have not been sustained. That one, which complains that the Court did not give a construction to the patentee's schedule and summary of his claim, is especially destitute of force. Perhaps it needed a translation, and the judge would no doubt have furnished one, if he had been called on to do so. But, in the absence of a prayer for specific instructions, his silence was no error.

Judgment reversed and *venire facias de novo* awarded.