## W. A. BENSON & Co. *vs.* T. H. JONES & others.

### October Term, 1873.

PLEA—ONLY ONE ALLOWED IN EQUITY WITHOUT LEAVE.—In equity, a defendant cannot put in more than one plea to the bill without leave of the court.

PLEAS—PURE AND NOT PURE—Pleas in equity are pure and not pure, the former consisting of matter dehors the bill, the latter of matter, either by way of affirmance or denial, already in the bill, and must be supported by answer.

SAME—DENIALS OF CHARGES IN THE BILL.—A simple denial of an averment of the bill is the province of an answer not of a plea, and if resorted to by plea constitutes a plea not pure, and must be supported by an answer.

*N. D. Malone*, for complainants.

*T. L. Dodd*, for defendant.

THE CHANCELLOR :—The bill is filed by creditors of Jones & Co. attacking an assignment of the partnership property made by that firm for the benefit of creditors, and seeking to subject the property to the satisfaction of the complainants' debts. The bill charges that the deed of assignment is fraudulent on its face, and was made expressly to hinder and delay creditors ; that the defendants were about fraudulently to dispose of the property for lands in the state of Mississippi, and that the trustee, although in possession of the property, has never given bond, nor qualified as trustee, according to law.

The defendant Love, the trustee, has filed three pleas, each purporting to be to the whole bill, and in substance as follows :

1st. That defendants were not about fraudulently to dispose of the trust property for Mississippi lands.

2d. That the deed of assignment was not made to hinder and delay creditors.

3d. That defendant's conduct as trustee has been fair and honest, and that it is not true that he has given no bond, been guilty of fraud, or acted improperly, etc.

The learned counsel for the defendant has overlooked the fact that in equity a defendant cannot put in more than one plea to the whole, or any specific part of a bill, without special leave of the court. Story Eq. Pl., § 657. The reason is, that if the defense requires more than one plea, it is easier made by answer, and is less likely to produce delay. The only object of allowing a plea at all is because it narrows the defense, and if this end cannot be attained that mode of defense is useless. It is worse than useless. For the court, by setting the pleas for hearing on their sufficiency, may be compelled to give instant judgment on a variety of defenses, with all their circumstances, as alleged by the pleas, before they are made out in proof; and might consequently decide upon a complicated case not existing in fact. Mit. Eq. Pl., § 344. The pleas would, therefore, have been ordered to be taken from the files on motion, and, perhaps, the court might direct this *mero motu*.

But the pleas themselves are all clearly bad. Each of them purports to be to the whole bill, and yet manifestly covers only a part of it. Story Eq. Pl., § 693. Each is, moreover, a simple denial of some averment of the bill, which is the province of an answer not of a plea. *Bailey* v. *Le Roy*, 2 Edw. Ch. 514; *Evans* v. *Harris*, 2 V. & B. 361, 364. And if a negative plea be good, it can only be a plea not pure, and must always be accompanied by an answer in support denying the fraud in the bill, or other circumstances on which the complainant's equity is based, and giving the discovery which the complainant is entitled to even upon the matter of such a plea. *Brereton* v. *Gamul*, 2 Atk. 241; *Foley* v. *Hill*, 3 M. & C. 475; *Piatt* v. *Oliver*, 1 McLean, 295, 305. A pure plea in equity is always of some matter dehors the bill. Story Eq. Pl., § 651. A plea not pure of matter, either by

way of affirmance or denial, already in the bill, and must be supported by an answer. Id. It should not cover the whole bill, but only so much as does not relate to the discovery of the particular facts to which the complainant has a right to require an answer in support of the plea. Story Eq. Pl., § 686.

The pleas in question are obviously defective in every essential requisite of a good plea in equity, and must, consequently, be declared insufficient.