### Hubbell and others *v.* De Land.

*(Circuit Court, E. D. Wisconsin.  November 6, 1882.)*

**PATENTS FOR INVENTIONS—PLEADING—SPECIAL PLEA.**

The validity of the reissued patents questioned, on the ground that it appears by comparison of the original and reissue that the latter patent was for one thing and the former for another; that the claim in the reissue was unlawfully expanded so as to embrace improvements covered by other patents issued after the issuance of the plaintiffs' original patent, and before the reissue, and that therefore the reissue is void: *Held,* matter of defense that may be presented by special plea.

In Equity.  On motion to strike plea from files.

*Duell & Hey,* for complainants.

*Finches, Lynde & Miller,* for defendants.

DYER, D. J.  On the thirteenth day of April, 1869, letters patent No. 88,830, for an improvement in the manufacture of cheese, were issued to J. W. Andrews and N. J. Ogden, of the state of New York. On the third day of November, 1874, reissue letters patent No. 6,117 were issued to the plaintiff Hubbell, as the assignee by mesne assign-

ments of Andrews and Ogden, and the bill in this case is filed to restrain the infringement of said reissue letters patent, and for an account. To this bill the defendant has interposed a plea which avers that the original patent, issued to Andrews and Ogden, was not for the same invention as that described in the reissue; that the original patent "was for a mechanical device, or a combination of certain materials used in the manufacture of cheese, while the reissue, upon which this suit is brought, does not claim to be for said combination, but is for moulding the cheese within the bandage cloth, in contradistinction to applying a bandage after the formation of the cheese, substantially as and for the purposes set forth."

The original and reissue patents, with their specifications and claims, are set out in hæc verba in the plea. It is also averred in the plea that on the twenty-first day of March, 1871, a patent numbered 112,977 was issued to William Sternberg, and that on the ninth day of January, 1872, a patent numbered 122,520 was issued to Milton B. Fraser; both of which patents were for an improvement in cheese hoops, and are also set out in full in the plea. The plea concludes with the averment that the original patent to Andrews and Ogden "was limited 'to the particular combination of mechanical devices shown, and composing the apparatus described in said specifications; that said reissue patent abandons the claim in the original patent, and claims the process of moulding the cheese within the bandage, thereby expanding the claim so as to cover all subsequent improvements, and monopolizes a process not covered by the original patent, and which was in general use; therefore this defendant doth plead, in bar to the said complainant's bill, that said reissue patent No. 6,117 was issued in violation of the statute, and is not for the same invention as the original patent, and if said process is disclosed in the employment of the devices described in the original patent and not claimed therein, the same process being described and made use of by other inventors in subsequent patents before said reissue, said reissue is void."

A motion is now made by counsel for the plaintiffs that the plea be stricken from the files as improperly interposed, or that it be ordered to stand as an answer to the bill. The ground of the motion is that a defense which impeaches the validity of a patent cannot be specially pleaded, but must be set up in the form of an answer. Authorities are cited in support of the motion which it seems necessary to specially notice. In Birdsall v. Perego, 5 Blatchf. 251, the patentee of a machine granted an exclusive right under his patent to make

and sell machines in a given territory, for a specified fee to be paid to him for each machine made and sold, and brought a suit against his grantee to recover fees due and unpaid for machines made and sold. The defendant pleaded specially—*First,* that the plaintiff had infringed such exclusive right; and, *secondly,* that the plaintiff was not the first and original inventor of what his patent claimed. The pleas were demurred to, and it was held that they were bad on demurrer. The ground taken in the decision was that the plea that the plaintiff had infringed the defendant's exclusive right was not a defense to an action for the recovery of a sum agreed to be paid as a license fee for machines which the plea admitted were made and sold by the defendant; and, further, that the defense set up in this plea was in effect recoupment, and that recoupment is a matter never pleaded in bar; citing *Nichols* v. *Dusenbury,* 2 N. Y. 283, 286. As to the plea that the plaintiff was not the first inventor of what his patent claimed, it was held that, as the plea alleged no fraud on the part of the plaintiff, and no express warranty, and did not allege that the defendant had been disturbed in the enjoyment of the exclusive right transferred to him by any paramount title, and did not aver even the existence of any such paramount title, nor a retransfer of his alleged right, it constituted no defense to an action to recover license fees due for machines admitted to have been actually sold by the defendant. The statement of the case shows that it has no application to the question presented in the case at bar, which is one of practice, involving the right of the defendant to file the plea in question.

In *Wilder* v. *Gayler,* 1 Blatchf. 597, it was held that where the defendant in a patent suit pleaded the general issue and special pleas, and also gave a notice of special matter under section 15 of the patent act of July 4, 1836, (5 St. at Large, 123,) and the matters set forth in the special pleas were those of which notice might have been given under said section 15, the special pleas should be stricken out. The pleas are not set forth in the report of the case, but the general ground of the decision seems to have been that a defendant in a patent suit could not plead specially as a defense matters which the act of 1836 required him to specify in a notice in connection with a plea of the general issue. But this ruling appears to have been in conflict with the rule laid down by the supreme court in *Evans* v. *Eaton,* 3 Wheat. 454, where it was held, as stated by BETTS, J., in *Day* v. *New Eng. Car-spring Co.* 3 Blatchf. 181, "that in actions at law for the infringement of patent rights a defendant is not limited in his defense to the plea of the general issue allowed by the statute, even if his defense

rests upon matters which the statute authorizes to be given in evidence under the general issue, but that he may, at his option, plead those particulars specially."

In *Evans* v. *Eaton, supra,* it was said by the court:

"It has been already observed that the notice is substituted for a special plea; it is further to be observed that it is a substitute to which the defendant is not obliged to resort. The notice is to be given only when it is intended to offer the special matter in evidence on the general issue. The defendant is not obliged to pursue this course. He may still plead specially, and then the plea is the only notice which the plaintiff can claim."

If, then, in actions at law the defendant could plead specially the matters which, under section 15 of the act of 1836, he might give in evidence under a plea of the general issue and notice, it would seem to follow that the same course of procedure can be taken in such actions under section 4920 of the present Revised Statutes.

In *Day* v. *New Eng. Car-spring Co. supra,* which was an action on the case for the infringement of a patent brought by the assignee of the patentee, the defendant, with the general issue, without any notice of special matter, pleaded special pleas, setting up a license under the patentee paramount to the right of the plaintiff; and it was held that the special pleas were well pleaded, and could not be stricken out on motion.

As will be observed, all the cases referred to were actions at law; but *Sharp* v. *Reissner,* 20 O. G. 1161, was an action in equity, and it was held in that case by Judge BLATCHFORD that a special plea to the bill averring that the defendants had not made, constructed, used, or vended to others to be used, the invention described in the patent, and denying infringement of the patent in any manner whatever, was not allowable, and that the issue of infringement ought to be tried under an answer and not under a plea. This authority is much relied on in support of the present motion, but I am of the opinion that it is inapplicable. The special plea in that case was little more than a mere denial of infringement. It brought forward no new matter displacing the equity of the bill. Argument can hardly be needed to show that the question of the infringement of a patent is not the proper subject of a special plea. As Judge BLATCHFORD says in his opinion, the question of the infringement of a patent depends very much on the construction of its claims, and that depends very much on prior patents on the same subject, and if such prior patents are to be put in, they ought to be set up in an answer and be put in once for all. And in that case it appeared by affidavit of the defend-

ants that if their plea should be overruled, they would desire by answer to put in prior patents to limit the scope of the plaintiff's patent, so as to render infringement impossible; thus proposing to litigate the question of infringement first by plea, and, failing in that, then by answer. Undoubtedly this case was well decided, but it does not, in my opinion, rule the case at bar.

Here it is proposed, under a special plea, to litigate the single question of the validity of the reissue patent; its validity being questioned on the ground that it appears by comparison of the original and reissue that the latter patent was for one thing and the former for another; that the claim in the reissue was unlawfully expanded so as to embrace improvements covered by other patents issued after the issuance of the plaintiffs' original patent, and before the reissue, and therefore that the reissue is void. Why is not this a matter of defense that may be presented by special plea? It was argued that if the plea shall be overruled, the defendant will be at liberty, under rules 34 and 39 in equity, to again make the same defense by answer. I do not so construe those rules. The question at issue now will then have been adjudicated. Upon overruling the plea, the defendant, it is true, would be assigned to answer the bill; but it does not follow that the matters litigated under the plea could be renewed in a defense made by answer. If the plea shall be sustained, that will be the end of the suit; and "whatever shows that there is no right which can be made the subject of suit, or whatever is a complete and perpetual bar to the right sued for, may constitute the subject of a plea in bar; or, as it is expressed in a work on pleadings at law, whatever destroys the plaintiff's suit, and disables him from recovery, may be pleaded in bar." 2 Daniell, Ch. Pr. 754.

In *Bailey* v. *Leroy*, 2 Edw. Ch. 514, it was held that when a bill sets forth a contract in writing, alleged to be signed by the defendant or his authorized agent, a plea of the statute, averring that there is no writing subscribed by the party or his authorized agent, is inadmissible, because it is merely denying what is alleged in the bill, and brings forward no new fact in opposition, which is the proper office of a plea. If a denial merely be intended, it must be by way of answer. This was the state of the case in *Sharp* v. *Reissner, supra.* There the plea merely negatived certain allegations of the bill. It brought forward no new fact in opposition; or, in the language of the court in *Black* v. *Black*, 15 Ga. 448, it presented no new matter displacing the equity of the bill.

In the case at bar, the plea brings forward new matter in opposition to the equity of the bill—matter which, if true, destroys the plaintiffs' suit and disables them from recovery.

The motion to strike the plea from the files is denied, and the plaintiffs have leave to set down the plea for argument or to take issue on the plea, as they may elect, within 30 days.