## AMERICAN TOBACCO CO. v. ASCOT TOBACCO WORKS.

### SAME v. KHEDIVIAL CO.

#### (Circuit Court, S. D. New York. December 3, 1908.)

1. PATENTS (§ 197*)—ASSIGNMENT—FORM AND SUFFICIENCY.

No particular form of assignment of letters patent is prescribed by statute, and any written conveyance duly signed and sufficiently specific to identify the property is sufficient.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 276; Dec. Dig. § 197.*]

2. PATENTS (§ 310*)—SUITS FOR INFRINGEMENT—PLEA.

Pleas in suits for infringement of patents are allowed when they reduce the matter in controversy to a single point, but not otherwise.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 521; Dec. Dig. § 310.*]

In Equity. Argument on demurrer to part and plea to part of bill of complaint in the first case, and on demurrer to bill in second case.

Philipp, Sawyer, Rice & Kennedy, for complainant.

D. Walter Brown, for defendant.

RAY, District Judge. The bill is filed for an injunction to restrain alleged infringement of four several United States letters patent, the invention of each being capable of conjoint use with the others in a single device or machine, and the allegations of the bill are that all are so conjointly used and thereby infringed by defendant in a single machine. The bill contains all the usual allegations of a bill for the infringement of a patent, including title to the patents in suit; but the bill, in substance and effect, alleges title in complainant under and through a writing known as the consolidation and merger agreement of October 19, 1904, under the provisions of which the complainant, the American Tobacco Company, came into existence.

In an equity suit by the United States against the American Tobacco Company, seeking, among other things, an adjudication that such consolidation and agreement are void, in so far, at least, as in restraint of interstate and foreign commerce, and praying a receiver and a winding up of the consolidated company, Judges Lacombe, Coxe, and Noyes have handed down opinions in which they hold, in substance, that this consolidation and merger agreement is in violation of the so-called "Sherman Anti-Trust Act" in so far as it affects interstate and foreign commerce. No decree to that effect has been entered, and it follows that there is no adjudication that the consolidation agreement is void, or that the agreement would not pass title to property. The agreement is in writing and duly signed, and therefore, if sufficiently specific to identify the property conveyed thereby, constitutes a valid assignment of the patents in suit. Conceding that there must be a written assignment to carry the title of letters patent, no particular form of assignment is prescribed by the act of Congress.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

If a final decree had been entered adjudging the consolidation agreement void, quite likely this court would take judicial notice of its existence, and, should it do so, then under such circumstances the court would be compelled to hold that no assignment existed. This court cannot decide on the strength of the opinions referred to that the consolidation agreement is void. What decree will be entered is at this time uncertain.

The demurrers must therefore be overruled, but defendant may answer in 20 days after being served with a copy of the orders herein overruling the demurrers on payment of the costs of such demurrers.

In the first case above entitled the defendant puts in a plea to the allegations relating to the alleged infringement of letters patent No. 779,411. The bill of complaint, as stated, charges infringement of all four patents by the conjoint use of the four patented devices in a single infringing machine. The complainant owns all the patents. The defendant infringes all the patents by the same act, and the infringements of the four patents were therefore properly charged in the same bill.

Pleas in patent cases are permitted when they reduce the matter in controversy to a single point; not otherwise. The plea here does not bring about that result, but tends to widen and scatter the litigation and cause unnecessary delays and expense. The plea must be overruled. Thresher v. General Electrical Co. (C. C.) 143 Fed. 337, 340–341; Schnauffer v. Aste (C. C.) 148 Fed. 867; Korn v. Wiebusch (C. C.) 33 Fed. 51; Hubbell v. De Land (C. C.) 14 Fed. 471–474.